IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BELINDA BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CA 13-00369-N |
| | ) | |
| USAA GENERAL INDEMNITY COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action was removed from the Circuit Court of Mobile County, Alabama on July 19, 2013 (*see* Doc. 1) on the basis of diversity jurisdiction (*see id.*, ¶ 3 ("This action could have been filed with this Court pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between Burke and USAA GIC, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs."). USAA GIC filed its answer (Doc. 4) on July 25, 2013.

Upon a review of the state-court complaint, the removal petition, and the answer, the Court is not satisfied that diversity jurisdiction exists.  Nowhere in the pleadings before this Court is a statement as to the **_citizenship_** of the plaintiff. (*Compare* Doc. 1-1 at 6, state-court complaint ("Plaintiff Belinda Burke . . . is an individual **resident** of Mobile County, Alabama.), *with* Doc. 1, ¶ 5 ("Burke is a **resident** of Alabama), *with* Doc. 4, ¶ 1 ("Upon information and belief, admitted [that Burke is a **resident** of Mobile County, Alabama].") (emphases added).)

The allegation that Burke is a "resident" of Alabama is insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship. *See, e.g., Congress of Racial Equal. v. Clemmons*, 323 F.2d 54, 58 (5th Cir.1963) ("Diversity of citizenship, not of residence, is required under 28 U.S.C.A. § 1332. Wherever jurisdiction is predicated upon the citizenship (or alienage) of the parties, it should be noted that since residence is not the equivalent of citizenship, an allegation that a party is a resident of a certain state or foreign country is not a sufficient allegation of his citizenship." (quotation and citation omitted)).

Therefore, consistent with this Court's "affirmative duty to question subject matter jurisdiction even when the parties have not done so[,]" *Personnel Servs. Unlimited, Inc. v. SFI Holdings, LLC*, Civil Case No. 1:12cv155, 2013 WL 458161, at *1 (W.D.N.C. Feb. 6, 2013) (citations omitted), USAA GIC is **ORDERED** to establish, no later than **August 9, 2013**, the citizenship of Burke as of the date this matter was removed. *See, e.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (per curiam) ("A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("Because this case was originally filed in state court and removed to federal court by [the Defendant], [the Defendant] bears the burden of proving that federal jurisdiction exists."); *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if

jurisdiction is properly challenged, that party also bears the burden of proof.")))); *cf.* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**DONE** and **ORDERED** this the 26th day of July, 2013.

                                       */s/ Katherine P. Nelson*
                                       **KATHERINE P. NELSON**
                                       **UNITED STATES MAGISTRATE JUDGE**